UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

ERSKINE CYRUS, JR.,                                     :        06 CV 4685 (ARR)(RLM)

                                    Plaintiff,          :
                                                                <u>NOT FOR PRINT OR</u>
            -against-                                   :        <u>ELECTRONIC</u>
                                                                <u>PUBLICATION</u>
CITY OF NEW YORK, CITY OF NEW YORK POLICE   :
DEPARTMENT, CITY OF NEW YORK POLICE         :        <u>OPINION AND ORDER</u>
OFFICER SCOKO, AND CITY OF NEW YORK POLICE  :
OFFICERS JOHN DOE AND JANE DOE, Individually :
and in Their Capacities as New York City Police Officers, :

                                    Defendants.         :
                                                        :
-------------------------------------------------------------- X

ROSS, United States District Judge:

        Plaintiff Erskine Cyrus, Jr. ("Erskine") commenced the instant action pursuant to 42

U.S.C. § 1983, alleging that he was maliciously prosecuted by New York City Police Officer

Diane Scollo – incorrectly named in the complaint as "Scoko".[1] The defendants filed a fully

briefed motion for summary judgment with the court on April 7, 2008. The court granted the

defendants' motion for summary judgment on February 9, 2009, and the Clerk of the Court

entered judgment on February 10, 2009. Familiarity is assumed on the part of the reader with

respect to the facts of this case. <u>See</u> Opinion and Order in <u>Cyrus v. City of New York</u>, 06-CV-

4685 (E.D.N.Y. Feb. 9, 2009) (Dkt. No. 28).

---

[1] "Cyrus makes no claims in this action other than for malicious prosecution pursuant to
42 U.S.C. § 1983. He withdraws his claims against the City of New York and the New York
City Police Department." (Hawkins Decl. ¶ 29.)

Plaintiff Erskine died intestate on April 12, 2008, while the motion for summary judgment was pending. Currently before the court are plaintiff's motions to substitute Earl Cyrus, Jr., administrator of the estate of Erskine Cyrus, Jr., as the plaintiff in the action pursuant to Fed. R. Civ. P. 25(a) and for reconsideration of the opinion and order granting summary judgment. (Dkt. No. 42.) For the reasons that follow, the motion for substitution is granted and the motion for reconsideration is denied.

## Motion For Substitution Pursuant to Fed. R. Civ. P. 25(a)(1)

Valerie A. Hawkins, attorney for the estate of Erskine Cyrus, Jr., has moved for the substitution of Earl Cyrus, Jr., administrator of the estate of Erskine Cyrus, Jr., as the plaintiff in this action pursuant to Fed. R. Civ. P. 25(a)(1). Earl Cyrus, Jr. was appointed the administrator of Erskine Cyrus, Jr.'s estate on September 23, 2009 by the Kings County Surrogate's Court. Defendants do not oppose plaintiff's motion for substitution. (See Dkt. No. 43 at n.1.) Absent opposition, the court grants plaintiff's motion. It is hereby ordered that "Earl Cyrus, Jr., as Administrator of the Estate of Erskine Cyrus, Jr." be substituted as the plaintiff in this action and that the Clerk of the Court amend the caption of this case to reflect the new, proper plaintiff.

## Motion for Reconsideration

On October 31, 2009, substituted plaintiff filed a motion seeking reconsideration of my ruling on the motion for summary judgment pursuant to Local Civil Rule 6.3. In the motion for reconsideration, plaintiff argues that the court erred when it held that Defendant Scollo had

probable cause to prosecute Erskine Cyrus, Jr. ("Cyrus") for criminal possession of a weapon in the fourth degree.[2]

A.    Timeliness of Plaintiff's Motion

Defendants oppose plaintiff's motion for reconsideration on the ground that it is untimely. Motions for reconsideration "shall be served . . . within fourteen (14) days after the entry of the judgment." Local Rule 6.3. There is authority among the district courts in the Second Circuit that the untimely filing of a motion pursuant to Local Rule 6.3 is a sufficient basis for denial of the motion. See, e.g., Farez-Espinoza v. Napolitano, No. 08-CV-11060, 2009 WL 1118098, at *2 (S.D.N.Y. Apr. 27, 2009); Am. Hotel Int'l Group Inc. v. OneBeacon Ins. Co., No. 01 Civ. 0654, 2005 WL 1176122, at *2 (S.D.N.Y. May 18, 2005) ("[T]he motion is untimely as the Memorandum and Order was docketed on March 29, 2004 and Plaintiffs did not file their motion to reconsider until April 23, 2004, well after the . . . window permitted under Local Rule 6 .3. Plaintiffs' motion could be denied on this basis alone."); Gibson v. Wise, 331 F. Supp. 2d 168, 169 (E.D.N.Y. 2004) (denying motion for reconsideration as untimely); Siemens Westinghouse Power Corp. v. Dick Corp., 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (same).

In this case, by order dated March 25, 2009, plaintiff was granted an extension of time to file the motion for reconsideration until thirty days from the date of the appointment of an

_____

[2] Plaintiff's memorandum of law in support of his motion for reconsideration exclusively argues in the text of the memorandum that defendants lacked probable cause to prosecute Cyrus for criminal possession of a weapon in the fourth degree. (See Dkt. No. 42-2.) The memorandum contains a footnote stating that "[i]t is respectfully submitted that there was no probable cause to prosecute Cyrus for criminal mischief or weapons possession; however, this memorandum of law concentrates on the weapons possession charge." (Dkt. No. 42-2.) Because plaintiff has not provided a single reason why the court should reconsider its holding that there was probable cause to prosecute Cyrus for criminal mischief, this court declines to reconsider the holding.

administrator for Cyrus' estate. (Dkt. No. 36.) Earl Cyrus, Jr. was appointed the administrator of

Erskine Cyrus' estate on September 23, 2009 by the Kings County Surrogate's Court. Plaintiff's

counsel, Valerie Hawkins, informed the court of the administrator's appointment by letter dated

and filed on ECF on October 1, 2009. However, Hawkins first moved the court to reconsider its

grant of summary judgment on October 31, 2009, eight days after the extended filing deadline.

Therefore, the motion is technically untimely under Local Rule 6.3 and Fed. R. Civ. P. 6(b).

Motions for reconsideration that are filed outside of the fourteen-day period under Local

Rule 6.3 may be treated as motions made pursuant to Rule 60(b) of the Federal Rules of Civil

Procedure. See Farez-Espinoza v. Napolitano, No. 08-CV-11060, 2009 WL 1118098, at *2

(S.D.N.Y. Apr. 27, 2009); Miller v. Norton, No. 04-CV-3223, 2008 WL 1902233, at *1

(E.D.N.Y. Apr. 28, 2008) ("[A] motion pursuant to Federal Rule of Civil Procedure 59(e) and/or

Local Rule 6.3 . . . would be untimely. Therefore, his motion will be treated as one made

pursuant to Federal Rule of Civil Procedure 60(b)."); Cioce v. County of Westchester, No. 03-

CV-6795, 2006 WL 692022, at *1 (S.D.N.Y. Mar. 14, 2006) ("A motion to reconsider is to be

treated as a Rule 59(e) motion if filed within 10 days of entry of the challenged order [prior to the

recent amendment of Rule 59(e) extending the deadline to within 28 days of entry of the

challenged order] and as a Rule 60(b) motion if filed thereafter.") (quoting United States v.

Clark, 984 F.2d 31, 32 (2d Cir. 1993)). Motions made pursuant to Rule 60(b) must be made

either within one year or a "reasonable time" after entry of the challenged judgment, depending

on the subsection of Rule 60(b) employed. See Fed. R. Civ. P. 60(c)(1); "R" Best Produce, Inc.

v. DiSapio, 540 F.3d 115, 123-24 (2d Cir. 2008). Although plaintiff missed the court's extended

filing deadline by eight days, I find plaintiff's motion to have been made within a "reasonable

time," since it was filed within one year of the entry of judgment being challenged, and therefore

I will treat it as a timely filed motion pursuant to Federal Rule of Civil Procedure 60(b).

B.  Legal Standard for Reconsideration Pursuant to Rule 60(b)

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court

may relieve a party or its legal representative from a final judgment, order, or proceeding." A

Rule 60(b) motion must be made on one of "five narrow and specific grounds or on a sixth

ground, which, despite its open wording, has been narrowly cabined by the precedent of the[e]

Second Circuit." Harris v. United States, 367 F.3d 74, 80 (2d Cir. 2004). Those grounds are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence which by due diligence could not have been discovered in time to move
> for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or
> extrinsic), misrepresentation, or misconduct by an opposing party; (4) the
> judgment is void; (5) the judgment has been satisfied, released, or discharged; it is
> based on an earlier judgment that has been reversed or vacated; or applying it
> prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); see also Harris, 367 F.3d at 80. "A [Rule 60(b) motion] is generally not

favored and is properly granted only upon a showing of exceptional circumstances." United

States v. Int'l Brotherhood of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001) (citing Paddington

Partners v. Bouchard, 34 F.3d 1132, 1142 (2d Cir. 1994) and Nemaizer v. Baker, 793 F.2d 58, 61

(2d Cir. 1986)). "The standard for granting such a motion is strict, and reconsideration will

generally be denied unless the moving party can point to controlling decisions or data that the

court overlooked - matters, in other words, that might reasonably be expected to alter the

conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

"The burden of proof is on the party seeking relief from judgment," in this case the substituted

plaintiff. See id. The decision whether to grant a Rule 60(b) motion for reconsideration lies in

5

the discretion of the district court and will not be reversed on appeal absent an abuse of discretion. See Bennett v. Watson Wyatt & Co., 156 F. Supp. 2d 270, 272 (S.D.N.Y. 2001).

Based upon plaintiff's motion and memorandum of law, it appears that the only provision under Rule 60(b) relevant to the plaintiff's argument is Rule 60(b)(6), which allows for reconsideration for any reason not specifically enumerated in the other sections of the Rule. See Harris, 367 F.3d at 80-81. While drafted broadly, Rule 60(b)(6)'s scope is very narrow. "It is well established . . . that a 'proper case' for Rule 60(b)(6) relief is only one of 'extraordinary circumstances' . . . or 'extreme hardship.'" United States v. Cirami, 563 F.2d 26, 32 (2d Cir. 1977)(internal citations and quotations omitted). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the court in deciding the original motion. See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously.").

C.    Analysis

To establish a § 1983 claim based on malicious prosecution, that plaintiff must demonstrate conduct that is tortious under state law and that results in a constitutionally recognized deprivation of liberty. See Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995). The plaintff must therefore demonstrate the following four elements: "1) that the defendant started a criminal proceeding against [him]; 2) that the proceeding terminated in the plaintiff's favor; 3) that there was no probable cause for the proceeding; and 4) that the proceeding was instituted with malice." Lowth v. Town of Cheektowaga, 82 F.3d 563, 571 (2d Cir. 1996). With regard to plaintiff's claim that he was maliciously prosecuted for criminal

6

possession of a weapon in the fourth degree, this court previously held that the claim failed as a matter of law because the defendant had probable cause to prosecute plaintiff for the charge. See Opinion and Order in Cyrus v. City of New York, 06-CV-4685 (E.D.N.Y. Feb. 9, 2009) (Dkt. No. 28). Specifically, the court reasoned that the gun discovered on the plaintiff's person – even though discovered following a search incident to an unlawful arrest in plaintiff's residence – provides admissible evidence of probable cause to prosecute plaintiff. See id. Citing the cases of Meija v. City of New York, 119 F. Supp. 2d 232, 254 n. 27 (E.D.N.Y. 2000) and Townes v. City of New York, 176 F.3d 138, 146 (2d Cir. 1999), this court relied on the established legal rule that the fruit of the poisonous tree doctrine does not apply to § 1983 actions. See Opinion and Order in Cyrus v. City of New York, 06-CV-4685 (E.D.N.Y. Feb. 9, 2009) (Dkt. No. 28).

In plaintiff's motion for reconsideration, he advances the identical arguments he set forth in opposition to summary judgment, arguing that the court's finding that the exclusionary rule does not apply to the probable cause determination in malicious prosecution claims is not fully supported by the decisions cited by the court for support. Plaintiff points to no legal authority or evidence that the court overlooked. Plaintiff merely re-presents the arguments that were already briefed and fully considered by the court.

The court's conclusion that the "exclusionary rule does not apply to the probable cause determination in malicious prosecution claims" is fully supported by the decisions cited for support. The Second Circuit held in Townes that the fruit of the poisonous tree doctrine is "inapplicable to civil § 1983 actions." 176 F.3d at 145; see also DiMascio v. City of Albany, No. 99-7653, 2000 WL 232053, at *1 (2d Cir. Jan. 26, 2000)(affirming the Townes holding). In Mejia, in analyzing whether there was probable cause to defeat a malicious prosecution claim,

7

the court held that "[t]he three subsequently seized portfolios are admissible in this action as evidence of probable cause, despite the fact that they were suppressed during Mr. Mejia's criminal trial . . . because the Fourth Amendment's exclusionary rule does not apply in civil actions other than civil forfeiture proceedings." Mejia, 119 F. Supp. 2d at 254 n. 27. In addition to the cases cited for support in the court's February 9, 2009 opinion and order granting defendants motion for summary judgment, courts in other jurisdictions have relied on evidence suppressed during criminal proceedings to support findings that there was probable cause to defeat § 1983 malicious prosecution claims. See Cannon v. Christopher, No. 1:06-CV-267, 2007 WL 2609893, at *3-5 (N.D. Ind. Sept. 6, 2007); Bradshaw v. Chicago Police Officer Mazurski, No. 03 C 2074, 2004 WL 170337, at *5-6 (N.D. Ill. Jan. 15, 2004). Because the court's holding is supported by the cited authorities, plaintiff's motion for reconsideration is denied.

D.     Conclusion

For the foregoing reasons, plaintiff's motion for substitution is granted and his motion for reconsideration is denied.

SO ORDERED.

s/ ARR

_____
Allyne R. Ross
United States District Judge

Dated: January 12, 2010
        Brooklyn, New York

8

SERVICE LIST:

Plaintiff's Attorney
Valerie A. Hawkins, Esq.
77 Saint Pauls Road North
Hempstead, NY 11550

Defendants' Attorney
Barry K. Myrvold, Esq.
New York City Law Department
Special Federal Litigation
100 Church Street, Room 3-148
New York, NY 10007

cc: Magistrate Judge Roanne L. Mann